# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | | |
|---|---|---|
| ROSEMARIE HERNANDEZ, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 2:15-CV-268-JEM |
| | ) | |
| NANCY A. BERRYHILL, | ) | |
| Acting Commissioner of Social Security, | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

This matter is before the Court on a Plaintiff's Motion for Attorney's Fees Under the Equal Access to Justice Act [DE 25], filed by Plaintiff on November 28, 2016.

## I.  Procedural Background

On July 17, 2015, Plaintiff filed a Complaint with this Court seeking review of the Commissioner's decision denying her claim for disability insurance and supplemental security income benefits. On November 9, 2015, Plaintiff filed an opening brief outlining her arguments for remand. On August 29, 2016, the Court issued an Opinion and Order remanding this matter for further proceedings and judgment thereon was entered. The Court granted remand and ordered the ALJ to thoroughly address Plaintiff's claimed impairments and explain how her limitations were incorporated into the residual functional capacity ("RFC"). Under Rule 4(a)(1)(B) of the Federal Rules of Appellate Procedure, the parties had 60 days in which to file an appeal. Neither party filed an appeal.

On November 28, 2016, Plaintiff filed the instant Motion for Attorney's Fees Under the Equal Access to Justice Act [DE 25]. The Commissioner filed a response on December 9, 2016, and on December 20, 2016, Plaintiff filed a reply, including a supplemental request for fees incurred in drafting the reply.

**II.     Analysis**

The Equal Access to Justice Act provides that a court shall award attorney fees to a "prevailing party" in a civil action against the United States that is submitted within thirty days of final judgment "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1); *see United States v. Hallmark Const. Co.*, 200 F.3d 1076, 1078-79 (7th Cir. 2000) (setting forth the elements of § 2412(d)(1)). Pursuant to 28 U.S.C. § 2412(d)(1)(B), a fee application must be filed within thirty days of a court's final judgment and must satisfy the following requirements: (1) a showing that the applicant is a "prevailing party;" (2) a showing that the applicant is "eligible to receive an award;" (3) a showing of "the amount sought, including an itemized statement from any attorney or expert witness representing or appearing on behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed;" and (4) an "alleg[ation] that the position of the [Commissioner] was not substantially justified." 28 U.S.C. § 2412(d)(1)(B); *see also Scarborough v. Principi*, 541 U.S. 401, 405 (2004) ; *United States v. Hallmark Constr. Co.*, 200 F.3d 1076, 1078-79 (7th Cir. 2000).

In this case, the parties agree that the only relevant factor for the awarding of attorney fees is whether the Commissioner's position was substantially justified. The Commissioner argues that the EAJA motion should be denied because the ALJ failed to thoroughly explain the basis of her decision, an error of articulation. Plaintiff argues that the Commissioner's position was not substantially justified.

The standard of "substantially justified" is satisfied if there is a genuine dispute or if reasonable people could differ as to the appropriateness of the contested action. *Pierce v.*

*Underwood*, 487 U.S. 552, 565 (1988). The Seventh Circuit has set forth a three-part standard for reviewing EAJA petitions. *Hallmark*, 200 F.3d at 1080. "It requires the government to show that its position was grounded in: (1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in law for the theory propounded; and (3) a reasonable connection between the facts alleged and the legal theory propounded." *Golembiewski v. Barnhart*, 382 F.3d 721, 724 (7th Cir. 2004). The Government bears the burden of proof that both the ALJ's decision and the Commissioner's defense of it were substantially justified. *Stewart v. Astrue*, 561 F.3d 679, 686 (7th Cir. 2009). A position taken by the Commissioner is substantially justified if "a reasonable person could conclude that the ALJ's opinion and the Commissioner's defense of the opinion had a rational basis in fact and law." *Bassett v. Astrue*, 641 F.3d 857, 859 (7th Cir. 2011). The Commissioner may also lack substantial justification where the ALJ's decision contravenes clear and established judicial precedent or violates agency regulations. *See Stewart*, 561 F.3d at 684. "While the parties' postures on individual matters may be more or less justified, the EAJA - like other fee-shifting statutes - favors treating a case as an inclusive whole, rather than as atomized line items." *Commissioner, INS v. Jean*, 496 U.S. 154, 161 (1990).

In its Order remanding this matter for further administrative proceedings, the Court found that the ALJ failed to thoroughly address Plaintiff's perceived noncompliance with treatment and based the RFC on an assumption that Plaintiff's abilities would be well-controlled if only she were compliant with treatment, failed to incorporate a number of Plaintiff's limitations into the RFC, failed to address the combination of Plaintiff's impairments, and failed to draw a logical bridge from the medical evidence to the RFC. The ALJ's failures were not merely articulation failures, as the Commissioner contends, but analysis failures that did not allow the Court to follow the ALJ's

reasoning and thus prevented the Court from understanding how the ALJ arrived at his conclusions. The ALJ's decision is part of the Commissioner's pre-litigation position. *See Golembiewski*, 382 F.3d at 724 (citing *Sutton v. Chater*, 944 F. Supp. 638, 639 (N.D. Ill. 1996)). Thus, the Court finds that the Commissioner's support of the ALJ's failure is not substantially justified.

### III. Conclusion

For the foregoing reasons, the Court hereby **GRANTS** Plaintiff's Motion for Attorney's Fees Under the Equal Access to Justice Act [DE 25] and the supplemental fee request in her reply [DE 27] and **ORDERS** that Plaintiff is awarded attorney fees in the total amount of $11,141.18 pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412. The award shall fully and completely satisfy any and all claims for fees, costs, and/or expenses that may have been payable to Plaintiff in this matter pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d).

Any fees paid belong to Plaintiff and not her attorney and can be offset to satisfy a pre-existing debt that Plaintiff owes the United States. *Astrue v. Ratliff*, 560 U.S. 586 (2010). If the Commissioner can verify that Plaintiff does not owe any pre-existing debt subject to the offset, the Commissioner will direct that the award be made payable to Plaintiff's attorney pursuant to the EAJA assignment duly signed by Plaintiff and her attorney.

SO ORDERED this 19th day of October, 2017.

            s/ John E. Martin
            MAGISTRATE JUDGE JOHN E. MARTIN
            UNITED STATES DISTRICT COURT

cc: All counsel of record